UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID SKUPIN,

        Petitioner,                                Civil Action No. 2:20-CV-10261

v.

                                                HONORABLE MARK A. GOLDSMITH
                                                UNITED STATES DISTRICT JUDGE

DAVID BERGH,

        Respondent.
_____/

**OPINION & ORDER**
**DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Michael David Skupin, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 through his attorney Laurel Kelly Young. In his habeas application, Petitioner challenges his conviction for four counts of possession of child sexually abusive material, Mich. Comp. Laws § 750.145c4. Respondent filed an unopposed motion to dismiss on the ground that this Court no longer has jurisdiction over the case because Petitioner has been released from custody. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. Background**

Petitioner was convicted of the above charges following a jury trial in the Oakland County Circuit Court and was sentenced to one to four years in prison. Petitioner separately pleaded guilty to a charge of larceny by conversion and received four years of probation on that charge.

Petitioner filed an appeal by right, in which he challenged only his conviction for possession of child sexually abusive material, which was affirmed. People v. Skupin, No. 336554, 2019 WL 320523 (Mich. Ct. App. Jan. 24, 2019), lv. den., 929 N.W.2d 355 (2019).

The Michigan Department of Corrections Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, see Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates that Petitioner was discharged from his sentence for possession of child sexually abusive material on March 19, 2019 (https://perma.cc/3KYD-FVNU).

On January 31, 2020, Petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief for his convictions for possession of child sexually abusive material.

## II.  DISCUSSION

The Court will dismiss Petitioner's case, because the Court lacks jurisdiction over the habeas petition, due to the fact that the Petitioner is no longer in custody for his convictions for possession of child sexually abusive material as he has now been discharged from his sentences on those convictions.

The language of § 28 U.S.C 2241(c)(3) and § 2254(a) requires that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court.  See Maleng v. Cook, 490 U.S. 488, 490-491 (1989).  A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired.  Id. at 492-493; see also Clemons v. Mendez, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).  The "in custody" requirement is jurisdictional.  See Foster v. Booher, 296 F. 3d 947, 949 (10th Cir. 2002).  Because Petitioner's sentence has expired on his convictions for possession of child sexually abusive material, he is no longer in custody on these convictions.  Thus, this Court lacks subject matter jurisdiction over his habeas petition with respect to these convictions. See Steverson v. Summers, 258 F. 3d 520, 523 (6th Cir. 2001).

Additionally, once a habeas Petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in

custody." Clemons v. Mendez, 121 F. Supp. 2d at 1102-1103.  The collateral consequences of a conviction, such as the inability to vote, engage in certain businesses, hold public office, or serve on a jury are insufficient to satisfy the "in custody" requirement under the habeas statute.  See Leslie v. Randle, 296 F. 3d 518, 522 (6th Cir. 2002).  Likewise, any registration requirements of Michigan's sex offender statute are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty."  Id. (quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998)).

Moreover, the fact that Petitioner is still on probation for the larceny by conversion conviction does not alter this analysis, because Petitioner expressly restricts himself to challenging his convictions for the possession of child sexually abusive material and does not challenge the larceny conviction in his habeas petition.  See Allen v. Dowd, 964 F.2d 745, 746 (8th Cir. 1992), abrogated on other grounds by Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999).  Stated differently, a petitioner who has fully served his or her sentence does not satisfy the custody requirement for that charge merely because that petitioner is serving a prison sentence or other restraint on another conviction that is not being challenged in the habeas petition.  See, e.g., Ward v. Knoblock, 738 F.2d 134, 136-38 (6th Cir. 1984).  Because the Petitioner is no longer in custody for the convictions for possession of child sexually abusive material, he cannot maintain a habeas challenge regarding these convictions.  Therefore, the petition must be denied.

### III.  CERTIFICATE OF APPEALABILITY

The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

A certificate of appealability is denied, because reasonable jurists would not find it debatable whether this Court was correct in determining that the Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his conviction. See, e.g., Finkelstein v. Spitzer, 155 F. 3d 131, 133 (2d Cir. 2006).

### IV. CONCLUSION

The petition for a writ of habeas corpus is denied with prejudice. A certificate of appealability is denied.

SO ORDERED.

Dated: January 11, 2021　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge